**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD GILBERT GARCIA, | No. 15-55821 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00112-TJH-DTB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted March 6, 2017
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and EZRA,** District Judge.

Richard Garcia appeals the district court's grant of summary judgment to the

United States on his claims for battery, assault, intentional infliction of emotional

distress, and negligence brought under the Federal Tort Claims Act and arising out

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

of Garcia's detention by Customs and Border Patrol ("CBP") officers at the Tecate Port of Entry in 2010. Because Garcia, a paraplegic, has presented evidence sufficient to create a genuine issue of material fact as to whether CBP officers negligently denied him use of a bathroom while he was detained for approximately ten hours and left him to sit in his own urine and excrement during much of that period of time, we **REVERSE** the district court's decision to grant summary judgment on Garcia's negligence claim and **REMAND** to the district court. We **AFFIRM** the district court's grant of summary judgment to the United States on Garcia's other claims.

1. On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Garcia has presented evidence that he repeatedly asked to use the bathroom and to speak to a supervisor about his need for assistance in using the bathroom. In Garcia's deposition, he stated that he explicitly asked to use the restroom at least three times: he asked a CBP officer if he could use the bathroom at 5 or 6 p.m., he again asked a CBP officer around 9 p.m., and he told an officer of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that he needed to use the bathroom before that officer began interrogating him at approximately 10:45 p.m.

2

Garcia further stated that, when it became clear that he could not use the bathroom within his holding cell because it was not wheelchair accessible, he and the CBP officer agreed that Garcia would need to speak to a supervisor. Garcia also said in his deposition that he then asked the officer to let him speak to a supervisor at least five or six times but that no supervisor ever appeared to speak with him about his needs. Garcia further stated that, as a result of being denied use of an accessible bathroom and assistance in cleaning and changing himself, his skin became raw from extended contact with his urine and feces. He also said that when the dried excrement was removed from his body at the hospital, it tore his skin and caused him to bleed, and that he spent a week in the hospital and took three months to mostly recover.

2. Based on Garcia's evidence, summary judgment in favor of the United States is not appropriate on his negligence claim because a reasonable jury could conclude that CBP and ATF officers acted unreasonably by denying Garcia's requests to use an accessible bathroom, failing to take any steps to accommodate his need for assistance in cleaning and changing himself, and beginning a lengthy interrogation after finding out that Garcia was sitting in a soiled adult diaper. Garcia has not, however, presented evidence to survive summary judgment on his theory that CBP and ATF officers acted unreasonably in cuffing his hands and legs

3

to a gurney while he was being transported in an ambulance to the hospital. Garcia has provided no evidence that he made officers aware that cuffing him to the gurney would cause him injury, prevent him from lying comfortably, or impair his ability to protect himself from bouncing around during the ambulance ride. Because the officers were not aware of this risk, we cannot conclude that the officers acted unreasonably in employing handcuffs during transportation.

3. We do not consider Garcia's assault claim because he waived it before this court by merely "deferr[ing]" to the arguments counsel had raised below. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). The district court properly granted summary judgment to the United States on Garcia's remaining claims: On his battery claim, Garcia has not provided any authority for treating exposure to his own urine and feces as the type of "offensive contact" required to make out a prima facie battery claim. *See Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009). His other theory of battery, which relates to his transfer to the ambulance and being cuffed to the gurney fails for lack of evidence sufficient to survive summary judgment. On his claim for intentional infliction of emotional distress, Garcia failed to provide evidence that the CBP and ATF officers inflicted injury upon him intentionally as

opposed to negligently. *See Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2006).

For the above stated reasons, we **REVERSE** and **REMAND** the district court's decision granting the United States's motion for summary judgment on Garcia's negligence claim and **AFFIRM** the district court's decision granting summary judgment on the other claims.

Each party shall bear its own costs on appeal.